# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REJEANNE M. BERNIER and HANS S. CROTEAU, as individuals, and as members of a similarly situated class,<br><br>Plaintiffs,<br><br>v.<br><br>RICARDO LARA and CALIFORNIA DEPARTMENT OF INSURANCE,<br><br>Defendants. | Case No. 20-cv-46-MMA (BLM)<br><br>**ORDER DISMISSING PLAINTIFFS' CAUSES OF ACTION AND DIRECTING THE CLERK OF COURT TO STRIKE COMPLAINT AND TERMINATE THE ACTION** |

Plaintiffs Rejeanne M. Bernier and Hans S. Croteau (collectively, "Plaintiffs") have filed a complaint ("Complaint") against Defendants Ricardo Lara, in his capacity as California Insurance Commissioner, and the California Department of Insurance. Doc. No. 1 ("Compl."). However, Plaintiffs have failed to follow the mandatory pre-filing requirements set forth by the Court in its Order Granting in Part and Denying in Part Defendant's Motion to Dismiss; and Granting Defendant's Motion Re: Vexatious Litigants, *Bernier v. Travelers Property Casualty Insurance Company*, No. 17cv1028-MMA (BLM) (S.D. Cal. Nov. 29, 2017), Doc No. 12 [hereinafter "Order Re: Vexatious Litigants"]. For the reasons set forth below, the Court **DISMISSES** Plaintiffs' causes of action **without prejudice**.

1

In November 2017, the Court found that Plaintiffs are vexatious litigants. *See* Order Re: Vexatious Litigants, at 18 ("Having considered these five factors, the Court concludes Plaintiffs are vexatious litigants"). The Court noted that "Bernier has filed at least 15 lawsuits and Hans has filed at least 5 lawsuits, all seeking monetary damages for alleged wrongs arising from the 2007 remodel of the Maury Property or the following litigation that ensued." *Id.* After addressing each of the factors necessary to enjoin a plaintiff as a vexatious litigant, the Court entered a pre-filing order:

> The Clerk of this Court may not file or accept any further complaints filed by or on behalf of Plaintiffs Rejeanne Bernier or Hans Croteau which pertain to Travelers Property Casualty Insurance Company Policy no. 976025623. *If Plaintiffs wish to file a complaint, they must provide the court with an application for the pre-filing order*, which *must be supported by a declaration* from Plaintiffs made under penalty of perjury that: (a) they have not previously brought a lawsuit arising out of the same set of facts or the same transactional nucleus of facts asserted in the new complaint or, if they have previously brought such a lawsuit, the claims asserted in that lawsuit were not previously dismissed with prejudice; (b) that the claims they seek to assert are neither frivolous nor brought in bad faith; and (c) that prior to filing they conducted a reasonable investigation of the facts and law, and that they support their claims. *Plaintiffs must also attach a copy of this Order to the application*. The Clerk shall then forward the complaint, letter, and copy of this Order to a reviewing Judge for a determination of whether the complaint should be accepted for filing. *Any violation of this Order will expose Plaintiffs to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal*. If the Court does not grant permission to file the document, in writing, within 30 days of the date of the letter, permission will be deemed denied[.]

*Id.* at 36–37 (emphasis added).

On January 7, 2020, Plaintiffs filed a Complaint, initiating this action. Although Plaintiffs bring their new suit against different defendants than were previously before the Court in case 17cv1028-MMA (BLM), the Court finds that Plaintiffs' Complaint appears to involve the same underlying facts that resulted in the Court's previous Order Re:

Vexatious Litigants. Both the previous matter and the current matter involve the same insurance policy at issue. *Compare* Order Re: Vexatious Litigants, at 4 ("In 2004, Travelers issued a homeowners insurance policy [] to Bernier, which Travelers renewed annually until it cancelled the policy in 2011."), *with* Compl. ¶ 19-20 ("In or about 2003, CDI licensee Travelers Property Casualty Insurance Company, Inc. [] issued a homeowner's insurance Policy [] to Bernier. . . . until Travelers cancelled the Policy in Sept. 2011").

Despite referring to the Court's Order Re: Vexatious Litigants and the pre-filing requirements placed upon Plaintiffs, *see* Compl. ¶ 83, Plaintiffs failed to comply with the Court's Order. Plaintiffs did not provide the Court with an application for the pre-filing order.[1] Plaintiffs claim that they "remain in danger and uncertain of what they may do without being in contempt of court." *Id.* ¶ 84. The Court is not persuaded. The Court's previous Order clearly details the steps Plaintiffs must take if they seek to file a complaint.

The Court's Order further provided that "[a]ny violation of this Order will expose Plaintiffs to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal." Order Re: Vexatious Litigants, at 37. Although the Court declines to schedule a contempt hearing in this instance, the Court emphasizes that it retains the power to do so if Plaintiffs continue to fail to comply with its Order Re: Vexatious Litigants.

Based on the foregoing, the Court **DISMISSES** Plaintiffs' causes of action **without prejudice**. Further, the Court **DIRECTS** the Clerk of Court to **STRIKE** Plaintiffs' Complaint (Doc. No 1), Certification and Notice of Interested Parties (Doc. No. 2), and Summons (Doc. No. 3); return the originals to Plaintiff; and to terminate this civil action. To initiate a new civil action, Plaintiffs must follow the Court's previous

---

[1] Due to an administrative error, the Complaint was mistakenly assigned a civil case number and this case was initiated despite Plaintiffs' noncompliance with the mandatory pre-filing requirements.

3

instructions. *See* Order Re: Vexatious Litigants at 36–37. Failure to do so may result in sanctions.

**IT IS SO ORDERED**.

Dated: January 23, 2020

Hon. Michael M. Anello
United States District Judge